The City of Columbus, Appellee, *v.* Independent Towel Supply Co. et al., Appellants.

[Cite as Columbus v. Independent Towel Supply Co. (1977), 51 Ohio App. 2d 250.]

(No. 76AP-796—Decided March 17, 1977.)

*Mr. John L. Francis*, city attorney, *Mr. Robert A. Bell* and *Ms. Donna J. Bowman*, for appellee.

*Messrs. Zacks, Luper & Wolinetz*, for appellants.

Reilly, J. This is an appeal from a judgment of the Franklin County Municipal Court. The record shows the city of Columbus brought this action alleging that it publicly advertised for bids for the rental of uniforms for the division of sanitation on or about September 6, 1975, in the City Bulletin of the city of Columbus. Further, it was alleged that the appellant, an Ohio corporation, in response to such advertisement, submitted a bid for the rental of uniforms for such division which was publicly opened and read September 18, 1975. Moreover, the city alleged that such appellant was determined to be the lowest and best bidder for the rental of coveralls and, pursuant to ordinance No. 1819-75, passed by the Columbus City Council October 27, 1975, appellant was awarded a contract in the amount of $18,647.20.

The case was tried to the court, which heard the evi-

dence, considered the briefs of counsel, and rendered a judgment for the city of Columbus, in the sum of $9,832.16. The bid specification included the following relevant provisions:

"The contract shall cover the City of Columbus normal requirements as needed from date contract is executed by the City to September 30, 1976 inclusive, not to exceed twice the estimated dollar, quantity of items or both. * * *

"Any contract awarded as a result of this proposal may be cancelled by either party *after the expiration of sixty (60) days from the effective date of the contract* by giving thirty (30) days prior written notice of cancellation of the contract. In the event that material supplied by the vendor does not comply with the specifications called for in this invitation or the vendor fails to meet the delivery set forth herein or does not comply with the terms in this invitation, the City reserves the right to cancel this contract immediately. (Emphasis added.)

"All items to be individually or suitably packaged as recognized by the particular industry involved.

"The length of time required for deliveries and the available stock of the bidder will be taken into consideration in making the award. In determining the lowest and best bid consideration shall be given to compliance with federal, state or local laws or regulations such as fair labor standards, minimum wage levels or affirmative action programs which the City of Columbus is required by law to enforce in connection with funds to be spent on the project to be undertaken.

"Prices shall be quoted on the units requested. The City may award one or more contracts or make award or awards in any manner that is in the best interest of the City of Columbus.

"The signer of this proposal as bidder, declares that the only persons, person, company or parties interested in this proposal as principals are named on page 5, that he has carefully examined the annexed form of contract, the advertisement, information for bidders, and specifications herein contained, that he or his representative has made

such investigation as is necessary to determine the character and extent of the subject of the contract, and he proposes and agrees that if this proposal is accepted, he will contract with the City of Columbus, Ohio, in the form of contract hereto annexed to furnish and deliver all the equipment, machinery, supplies specified in the contract, within the time mentioned in the specifications and according to the requirements of the City, as therein set forth and for the prices quoted.

"The bidder to whom the award is made will be required to execute a written contract with the City of Columbus, Ohio within ten days after receiving such contract for execution.

"Bidders to quote firm or fixed prices."

The bid proposal was executed by appellant's duly authorized officer and was publicly opened and read September 18, 1975, along with the bids of other bidders upon the same materials. Subsequently, appellant refused to execute the contract documents as required by the bid specifications.

The trial court found that the city awarded a contract for the rental of coveralls to the second lowest bidder December 1, 1975, for $28,479.36, and found the difference between appellant's bid and the second lowest bidder was $9,832.62, as the money damages suffered by the city of Columbus. Thus, the trial court rendered a judgment for the city in the sum of $9,832.16, plus interest and costs, which is included in the judgment entry signed by the court and approved by counsel.

This appeal has now been perfected. Appellant advances the following assignments of error:

"I. The trial court's determination that defendant had not withdrawn its bid prior to acceptance was against the manifest weight of the evidence and erroneous as a matter of law.

"II. The trial court erred in holding that defendant had not proven sufficient grounds for rescission of any obligation it may have owed plaintiff.

"III. The trial court's determination of the proper

measure of damages was incorrect as a matter of law.''

The foregoing specifications show appellant's first two assignments of error are not well taken. There was an irrevocable bid by appellant until ''after the expiration of sixty (60) days from the effective date of the contract by giving thirty (30) days prior written notice of cancellation of the contract.'' This was plainly irrevocable to the city for a specified period of time. In this case, the time was specifically included in the bid specifications.

The bid constituted an irrevocable offer. A bidder on a public contract, because of an unfortunate but unilateral mistake, may not be permitted to withdraw a bid in violation of explicit specifications. This could only lead to uncertainty by public agencies concerning the performance of contracts, and, in effect, make the competitive bidding process an empty gesture in futility. Consequently, considering the explicit provisions in the bid specifications quoted above, appellant's first and second assignments of error are overruled.

Appellant's third assignment of error is also not well taken. The transcript shows there was not an issue between the parties concerning the amount involved in the claim. We specifically quote from the record:

"Mr. Silberman: Your Honor, if it please the Court, I think one more issue the City wants to present—That is, whether or not there was a contract, was the City in fact damaged in the amount of the claim?

''The Court: I don't know if there's any real objection to that as an issue to hear, is there, Mr. Wolinetz?

''Mr. Wolinetz: No, Your Honor.

"The Court: I think if we've got a contract, the amount is pretty much predetermined at $9,832.16. I don't see that that's an issue, Earl.

''Ms. Bowman: I think what Mr. Silberman means is, even if there was not a contract—And this is not an action for breach of contract and damages resulting therefrom, but is it the failure on the part of a bidder on the part of a public contract to execute an authority? Does that in fact entitle the municipality to damages?

"The Court: Perhaps they are raised under our modern pleading situation either as a contract or a tort action, be it common law. Brief both aspects of it, but I don't think the defense is really arguing here relative to the damages. If I'm correct, there's been no testimony to dispute that. If the plaintiff is entitled to recover on a theory of law, the plaintiff is entitled $9,832.16. I don't think you need to go into that issue.

"Ms. Bowman: I don't think that's quite the issue. There may not have been a contract. We concede the fact that a contract was not executed with Independent Towel, but does their failure to execute the contract.

"The Court: Regardless of what theory you're on, if you're entitled to collect on any theory, the amount is fixed, so any reply brief would be strictly in reply to something raised anew in the defendant's brief.

"And when you file your briefs, file them with the Clerk and see specifically that a copy of it is delivered to my chambers.

"Ms. Bowman: Thank you.

"Mr. Wolinetz: Thank you, Judge."

In short, we find there was sufficient evidence to support the trial court's determination as to the amount of damages, which was not actually in contention at trial. Therefore, appellant's third assignment of error is also overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.